# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

Case No. 11-43816

STEVEN BRUCE HOYT,
Chapter 11

      Debtor.

## NOTICE OF HEARING AND MOTION FOR AUTHORITY
## TO SELL PROPERTY

TO:    Entities Specified in Local Rule 9013-3.

1.    Steven Bruce Hoyt (the "Debtor"), by and through its undersigned counsel, moves the Court for the relief requested below and gives notice of hearing.

2.    The Court will hold a hearing on this motion at **10:30 a.m. on July 13, 2011**, before the Honorable Gregory F. Kishel, Courtroom 2A, U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota 55101.

3.    Any response to this motion must be filed and served by July 8, 2011, which is five (5) days prior to the hearing (including Saturdays, Sundays, and holidays).  **Unless a response opposing the motion is timely filed, the Court may grant the motion without a hearing.**

4.    This Court has jurisdiction over this motion under 28. U.S.C. §§ 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.  This proceeding is a core proceeding.  The petition commencing this case was filed on May 31, 2011 (the "Petition Date").  This case is now pending before this Court.

5.      This motion arises under 11 U.S.C. § 363 and Bankruptcy Rule 6004.  This motion is filed under Bankruptcy Rules 9013 and 2002 and Local Rule 9013.   The Debtor seeks an order authorizing the sale of real property and related interests.

6.      Among the Debtor's assets are 100% of the membership interests in Horn CA, LLC ("Horn"), which are not subject to any lien or security interest.  Horn's only asset is a single parcel of real property located in West Hollywood, California (the "Real Property").   The Real Property comprises approximately ½ acre of land, and is approved for construction of five (5) market rate and (2) subsidized condominiums.

7.      The Real Property is subject to a first mortgage which is presently held by Southern Financial Group, LLC ("Southern") as the assignee of Associated Bank.  The obligation secured by the mortgage totals approximately $1,811,000.   The Debtor has guaranteed payment of that obligation.

8.      Prior to the petition date, the obligation to Southern totaled approximately $2,711,000.  In addition to the mortgage on the Real Property, Southern held a perfected security interest in 75,000 Operating Partnership Units of First Industrial, L. P., having a value of approximately $900,000.   The Debtor reached agreement with Southern that he would facilitate liquidation of Southern's collateral in exchange for a release of any remaining claims under the guarantee.   Under the terms of that agreement, all 75,000 Operating Partnership Units were converted to common stock and sold before the petition date for approximately $900,000 with the proceeds applied to the debt owed to Southern, thereby reducing the balance of the obligation to approximately $1,811,000.

9.      The Debtor and Southern wish to complete the agreement.  The Debtor has found a buyer for the Real Property for a price of $600,000, which he believes is the highest and best price

2

available in the market.  To complete that sale, the Debtor and Southern have agreed that the Debtor will transfer to Southern his membership interests in Horn, subject to approval of this Court. Southern will then be able to complete the sale of the Real Property to the buyer.

10.     In exchange for the transfer of the Horn interests and the agreement of the Debtor to help Southern find another buyer for the Real Property if the present buyer does not close the purchase, Southern will release the Debtor from any further liability under his guarantee.

11.     This transaction is in the interests of the Debtor and his estate.  The value of the only asset owned by Horn is less than the obligation to Southern secured by that asset by at least $1,200,000.  The transaction will relieve the Debtor of any obligation for that deficiency.

12.     The proposed sale of the Horn interests is outside the Debtor's ordinary course of business.  The Debtor seeks an order authorizing the sale pursuant to §363(b) of the Bankruptcy Code.

13.     The Debtor may offer additional evidence at the hearing this motion, including the testimony of the Debtor, if such is necessary.

**WHEREFORE,** the Debtor respectfully requests an order approving the sale of his interests in Horn CA, LLC outside the ordinary course of business and granting such further relief as the Court deems just and proper.

Dated:  June 8, 2011                    RAVICH MEYER KIRKMAN
                                        McGRATH, NAUMAN & TANSEY
                                        A PROFESSIONAL ASSOCIATION

                                        By /e/  Michael L. Meyer #72527

                                        4545 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN 55402
                                        (612) 332-8511 - T
                                        ATTORNEYS FOR DEBTOR

3

## VERIFICATION

I, Steven Bruce Hoyt, declare under penalty of perjury that the facts set forth in the foregoing

Notice of Hearing and Motion for Authority to Sell Property, are true and correct according to the

best of my knowledge, information and belief.

Executed on: June 8, 2011

Steven Bruce Hoyt

4

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

STEVEN BRUCE HOYT,

      Debtor.

Case No. 11-43816

Chapter 11

## MEMORANDUM OF LAW

This memorandum of law is submitted in support of the Debtor's Motion for Authority to Sell Property. A hearing has been scheduled **July 13, 2011** to consider the Motion.

### FACTS

The factual basis for this memorandum are set forth in the verified Motion and incorporated herein. All capitalized terms not defined herein have the meaning ascribed in the Motion.

11 U.S.C. § 363(b) provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). The Debtor contends that the proposed sale of the Property is in the best interest of the estate. The sale will result in the reduction of claims against the Debtor by approximately $1,200,000.

The Court must consider the proposed sale to determine whether there is sound business justification for a sale outside the ordinary course. *See, e.g., In re Channel One Communications*, 117 B.R. 493 (Bank. E.D. Mo. 1990) (adopting the sound business purpose test of *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983)); *In re George Walsh Chevrolet, Inc.,* 118 B.R. 99 (Bankr. E.D. Mo. 1990); *In re Titusville Country Club,* 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Phoenix Steel Corp.,* 82 B.R. 334, 335-336 (Bankr. D. Del. 1987).

The Debtor respectfully requests that an order be entered granting the relief sought in the

Motion.

Dated:  June 8, 2011                    RAVICH MEYER KIRKMAN
                                        McGRATH & NAUMAN,
                                        A PROFESSIONAL ASSOCIATION

                                        By /e/ Michael L. Meyer #72527

                                        4545 IDS Center
                                        80 South Eighth Street
                                        Minneapolis, MN 55402
                                        (612) 332-8511 – T

                                        ATTORNEYS FOR DEBTOR

2

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In re:

STEVEN BRUCE HOYT,                              Case No. 11-43816
                                                Chapter 11

                    Debtor.

**UNSWORN CERTIFICATE OF SERVICE**

        I, Michael L. Meyer, declare under penalty of perjury that on June 8, 2011, copies of
Debtor's:

1.      Notice of Hearing and Motion for Authority to Sell Property;
2.      Memorandum of Law; and
3.      Proposed Order;

were served by sending to each party a copy thereof as noted on the attached Service List.

Dated:  June 8, 2011              By:  /e/    Michael L. Meyer (72527)

                                  Ravich Meyer Kirkman McGrath
                                  Nauman & Tansey, P.A.
                                  4545 IDS Center
                                  80 South Eighth Street
                                  Minneapolis, MN 55402
                                  (612) 332-8511

                                  ATTORNEYS FOR DEBTOR

{00021265  }

ELECTRONIC
SARAH J WENCIL
UNITED STATES TRUSTEE
1015 U S COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

MINN DEPT OF REVENUE
COLLECTION ENFORCEMENT
551 BANKRUPTCY / P O 64447
ST PAUL MN 55164

INTERNAL REVENUE SERVICE
ATTN SPECIAL PROCEDURES
WELLS FARGO PL STOP 5700
30 EAST SEVENTH
ST PAUL MN 55101

IRS DISTRICT COUNSEL
650 GALTIER PLAZA
380 JACKSON STREET
ST PAUL MN 55101

US ATTORNEY
600 U S COURHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415

ELECTRONIC
STEVEN B HOYT
1550KENWOOD PARKWAY
MINNEAPOLIS MN 55405

PNC BANK NA
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
AND/OR DAVID RUISCH
10851 MASTIN
OVERLAND PARK KS 66210

BEAL BANK
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
AND/OR  MICHAEL ALVAREZ
7195 DALLAS PARKWAY
PLANO TX 75024

SECURITY BANK
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
AND/OR  PAULA SCHONS
735 11TH STREET EAST
GLENCOE MN 55336

SOUTHERN FINANCIAL GROUP LLC
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
P O BOX 2028
WACO TX 76703

NORTH AMERICAN BANKING COMPANY
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
AND/OR  STEVE KING
2230 ALBERT STREET
ROSEVILLE MN 55113

SB 1
C/O MARTIN CHESTER
FAEGRE & BENSON
90 SOUTH SEVENTH STREET STE 2200
MINNEAPOLIS MN 55402

ELECTRONIC
BOUNDARY WATERS BANK
C/O SHAWN M DUNLEVY
FRYBERGER BUCHANAN SMITH & FREDERICK PA
302 WEST SUPERIOR STREET STE 700
DULUTH MN 55802

COMMERCE BANK
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
7650 EDINBOROUGH WAY STE 150
EDINA MN 55435

CROWN BANK
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
6600 FRANCE AVENUE SOUTH STE 125
EDINA MN 55435

EQUITY BANK
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
5900 GREEN OAK DRIVE STE 100
MINNETONKA MN 55343

MERCHANTS BANK
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
7300 W 147TH STREET STE 100
MINNEAPOLIS MN 55408

NORTHERN TRUST
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
8525 E PINNACLE PEAK ROAD
SCOTTSDALE AZ 85255

PARK MIDWAY BANK
ATTN OFFICER MANAGING OR GENERAL AGENT
OR OTHER PERSON AUTHORIZED TO ACCEPT SERVICE
2300 COMO AVENUE
ST PAUL MN 55108

ELECTRONIC
JEROME J SIMONS JR
C/O JOSEPH W LAWYER
MESSERLI & KRAMER P A
100 SOUTH FIFTH STREET  STE 1400
MINNEAPOLIS MN 55402

ELECTRONIC
MESSERLI & KRAMER P A
C/O JOSEPH W LAWYER
MESSERLI & KRAMER P A
100 SOUTH FIFTH STREET  STE 1400
MINNEAPOLIS MN 55402

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

STEVEN BRUCE HOYT,

      Debtor.

Case No. 11-43816

Chapter 11

## ORDER

This matter came on for hearing on the Debtor's Motion for Authority to Sell Property ("Motion").  Michael L. Meyer appeared for the Debtor, and other appearances were noted in the record.  Based on the pleadings, testimony and arguments of counsel,

**IT IS HEREBY ORDERED:**

1.     The Debtor is authorized to sell his member interests in Horn CA, LLC, together with all related rights ("Property") to Southern Financial Group, LLC on the terms described in the Motion.

2.     If the pending sale of the Real Property owned by Horn CA, LLC described in the Motion does not close, the Debtor shall make his best efforts to aid Southern Financial Group, LLC to find another buyer for the Real Property within a reasonable period of time given market conditions.

3.     Notwithstanding F.R.Bankr.P. 6004(h), this Order is effective immediately.

Dated:

_____
GREGORY F. KISHEL
CHIEF UNITED STATES BANKRUPTCY JUDGE